UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JAMERRION VAN** | **CIVIL ACTION NO. 3:17-cv-532** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **CALDWELL CORRECTIONAL CENTER, ET AL** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Jamerrion Van, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on April 11, 2017. Plaintiff is incarcerated at the Caddo Correctional Center ("CCC") in Grayson, Louisiana, and names Caldwell Correctional Center, Teresa Corley and Kevin Wyles as his defendants herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Statement of the Case*

On September 25, 2016, at approximately 1:30 a.m., plaintiff fell out of his "3rd high" bunk bed. Plaintiff asserts that he fell because the guardrail on his bed had been cut and re-welded improperly. According to plaintiff, in 2014, the "3rd high" beds were built in the dorms to accommodate more prisoners per room. However, he alleges that the work was "sloppy" and the guard rail is lower that it should be. He also complains that the beds were dangerous as there was no ladder upon which to climb. Plaintiff states that Sgt. Washington told him that he should contact

DOC to inform them of the conditions and if they were aware, they would force CCC to remove the 3rd high beds.

After his fall, plaintiff was taken by ambulance to the Citizens Medical Center Emergency Room where a CT scan of his head and neck was performed. He complains that they did not do an MRI, did not treat a cut on his right pinky toe, nor did they do a full visual inspection of his body to see if anything else was bleeding or swollen.

The doctor did administer a shot to reduce the pain and a pill to reduce swelling of his head. He was then sent back to CCC. He was prescribed Naproxen[1] and muscle relaxers.

On September 29, 2016, he requested that Nurse Teresa Corley send him back to the hospital, as he was in pain. She refused to do so. She allegedly told him, "I am not sending you to the hospital. You fell out of bed because you were on someone else's medication. Let water run down your back and that should ease the pain." [Rec. Doc. 1, pp.5-6]

On September 30, 2016, he was taken off of his muscle relaxers.

On October 3, 2016, he submitted a request to see a doctor.

On October 6, 2016, he was taken off of the Naproxen. He told "them" that he needed to stay on the medication because he was still in pain.

Plaintiff alleges that he has made multiple sick calls and continues to await medical attention. [See Rec. Doc. 1-2.]

*Law and Analysis*

*1. Screening*

---

[1] Naproxen is a nonsteroidal anti-inflammatory drug (NSAID). It works by reducing hormones that cause inflammation and pain in the body. See Medline Plus, A Service of the U.S. National Library of Medicine and the National Institutes of Health, Drugs and Supplements https://medlineplus.gov/druginfo/meds/a681029.html

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Juridical Person*

Plaintiff has sued the Caldwell Correctional Center. Fed.R.Civ.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the CCC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. The CCC is not a juridical person and therefore, plaintiff's claims against the CCC should be dismissed as frivolous.

### 3. *Negligence*

Plaintiff claims that he was injured through the negligence of the defendants "sloppy work" in the fabrication of "3rd high" bunk beds in his dorm. He also asserts that there was no ladder on the bed, only two 1-inch square tubings welded between the top and bottom of the bed. Two requirements must be met to sustain a Section 1983 conditions of confinement claim. First, the alleged violation must be "sufficiently serious;" that is, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Stated another way, to rise to the level of an Eighth Amendment violation, prison conditions must be so serious as to deprive an inmate "of the minimal civilized measure of life's necessities." *Id.* Cases involving similar complaints about "the vicissitudes of prison life" have found that allegations of this type do not rise to the level to sustain a 1983 conditions of confinement claim. See *Connolly v. County of Suffolk*, 533 F.Supp.2d 236, 241 (D. Mass 2008) (Court found that failure to provide ladders for prison bunk beds did not constitute "deliberate indifference" to rights of inmate who fell while attempting to climb to his third tier bed The failure of prison officials to equip Plaintiff's bunk bed with a ladder simply does not amount to a deprivation of "a minimal civilized measure of life's necessities."); *Brown v. Bargery,* 207 F.3d 863,868 (6th Cir. 2000) (the improper installation of a bunk in a cell causing an inmate to fall out of bed and suffer skin abrasions did not give rise to a viable claim under the Eighth Amendment); *Osolinski v. Kane*, 92 F.3d 934, 939 (9th Cir. 1996) (same, failure to repair a prison oven, the door of which fell off and burned an inmate's arm); *Armstrong v. Terrebonne Parish Sheriff*, 2006 WL 1968887, *6 (E.D. La. June 6, 2006) (a swivel chair is a reasonable and constitutional means of

accessing the top tier of a ladderless bunk); *Fifi v. J.B. Evans Corr. Ctr.*, 2009 U.S. Dist. LEXIS 79501 (W.D. La. July 22, 2009) (Plaintiff's allegations that the prison as responsible for his fall and alleged resulting injuries because there was a trunk in the walkway when he fell from a top bunk that was not equipped with any climbing apparatus, did not constitute violations of the Constitution.))

At best, under these circumstances, Plaintiff asserts a tort claim, not a claim of civil rights violations cognizable under Section 1983. Claims arising from allegedly negligent acts do not give rise to relief under Section 1983. The Supreme Court has held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property." *Daniels v. Williams,* 474 U.S. 327, 328 (1986); *Davidson v. Cannon,* 474 U.S. 344, 347 (1986). In a number of contexts, other courts have determined that allegations amounting to negligence cannot support a Section 1983 claim. *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir.1993) (negligent medical care); *Hare v. City of Corinth,* 74 F.3d 633, 641-42, 646 (5th Cir.1996) (negligence insufficient to support failure to protect claim under Section 1983); *Eason v. Thaler,* 73 F.3d 1322, 1328-29 (5th Cir.1996) (negligence cannot support Section 1983 action for deprivation of religious rights or for an Eighth Amendment claim based upon prison officials' alleged gross negligence in permitting a gas leak to occur); *Doe v. Taylor Independent School District,* 975 F.2d 137, 142 (5th Cir.1992), *vacated on other grounds,* 15 F.3d 443 (5th Cir.1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a *constitutional* tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.").

Thus, Plaintiff's allegations that the defendants are responsible for his fall because the improper installation of bunks and because the top bunks in his dorm are not equipped with ladders

are allegations of tortious conduct, which cannot serve as the basis for a Section 1983 claim. *See Jackson v. Procunier,* 789 at 310 (citing *Davidson, supra*); *Daniels, supra*. The claim should be dismissed.

### *4. Disagreement with Medical Care*

Finally, the plaintiff complains about the medical care received following his fall. The constitutional right of a convicted prisoner to appropriate medical care is indeed based upon the Eighth Amendment's prohibition of cruel and unusual punishment. In order to establish an actionable violation of the Eighth Amendment, the prisoner plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted).

It is manifestly obvious that plaintiff simply disagrees with the treatment decisions of the health care professionals – including the physicians in the Citizens Medical Center Emergency Room– who were responsible for his care and treatment. Plaintiff admits that he was seen by the nurse immediately after his fall, that he was transported to the emergency room via ambulance and that he was examined by ER physicians. He was given Neproxen® and muscle relaxers until Nurse Corley discontinued his prescriptions.

Plaintiff disagrees with the conclusions and treatment options offered by the ER physicians and the CCC medical staff. However, his disagreement with the health care professionals' diagnosis or treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *See Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992); *Woodall, supra.*

Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321. See, *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) (A disagreement with a doctor over the method and result of medical treatment does not require a finding of deliberate indifference). Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather, supra*. Accordingly, plaintiff's claims in ths regard should be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, June 13, 2017.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**